UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | CAUSE NO.: 1:08-CR-86-TLS |
| | ) | |
| DARREN L. HARGRETT | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion [ECF No. 33] for post-conviction relief filed by the Defendant, Darren L. Hargrett. The Defendant entitled his submission "2241 Motion." The Court issued an Order [ECF No. 36] on October 14 2011, providing the Defendant with 30 days to file a reply to the Government's Response and clarify whether he wished to proceed under § 2241 or § 2255. For reasons explained in that Order, the Court indicated that "[i]f the Petitioner does not respond to this Order, the Court may proceed to rule on his Motion recharacterizing it as a petition for relief under 28 U.S.C. § 2255." (Order 2, ECF No. 36.) The Court also notified the Defendant of the consequences that would flow from the Court treating his Motion as made under § 2255. (*Id.* at 1 (citing *United States v. Taylor*, 385 Fed. App'x 584, 587 (7th Cir. 2010)). More than 30 days have passed since the issuance of that Order without any response from the Defendant. The Court now accepts that the Defendant either intended to bring his Motion under § 2255 or had no basis for bringing it under § 2241 rather than § 2255. *See Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001) ("In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255.") The Motion, therefore, will be viewed as brought under § 2255. For the reasons stated below, the Court will deny the Defendant's Motion.

On April 7, 2009, the Defendant pled guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). In accordance with a Plea Agreement, the Government dismissed all other counts brought against the Defendant. On August 10, 2009, the Court sentenced the Defendant to 60 months imprisonment. The Defendant did not appeal his conviction or his sentence.

The Defendant dated his § 2255 Motion, filed pro se, April 16, 2011; it was filed on the Court's docket on April 25. In his Motion the Defendant argues that he received ineffective assistance of counsel, that his sentence was unconstitutional, and that the legislative history underlying § 924(c)(1)(A) indicates that additional elements, namely brandishing or discharging of the gun, should have been required for a conviction under the statute. The Defendant's first constitutional argument is that his conviction for the § 924(c) offense is unconstitutional because his drug charges were dismissed by the Government and the conviction requires a drug trafficking element. In his second constitutional point he appears to argue that his sentence in particular and mandatory minimum sentences generally constitute cruel and unusual punishment in violation of the Eighth Amendment.

The Defendant's Motion must be denied as untimely. A prisoner in federal custody, who believes that he has a right to be released upon the ground that his sentence was imposed in violation of the Constitution or laws of the United States, may move the court to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. However, "[a] 1-year period of limitation shall apply to a motion under this section." § 2255(f). In this case, the limitation period began to run on "the date on which the judgment of conviction [became] final." *Id.*

The judgment became "final" when the time for filing a notice of appeal expired without

the Defendant seeking appeal. This occurred on August 20, 2009, ten days after the Court entered judgment in his case. Therefore, the Defendant had until August 20, 2010, to file under § 2255. The Defendant dated the Motion April 16, 2011. The Defendant provided no argument for equitable tolling or any explanation for missing the deadline by nearly eight months. The Court, therefore, finds no grounds for excusing the untimeliness of the Motion and denies the Motion on this basis.

The Court notes, additionally, that it would have denied the Motion even if it was timely because the Defendant knowingly and voluntarily waived his right to bring this Motion in his Plea Agreement. The Plea Agreement stated:

> I [the Defendant] understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement ¶ 7(e), ECF No. 22.) The Defendant does not claim that this waiver was the product of ineffective assistance of counsel nor has he set forth facts illustrating that his attorney was deficient in negotiating his Plea Agreement. In addition, at his plea hearing, the Defendant affirmatively answered the Court's questions as to whether he understood that under his Plea Agreement he was waiving his right to appeal or collaterally attack his sentence. The Court would hold the Defendant in this case to the Plea Agreement. *See United States v. Sakellarion*,

649 F.3d 634, 638 (7th Cir. 2011) ("We have repeatedly held that a voluntary and knowing waiver of an appeal is valid and must be enforced.") (quotation marks omitted).

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11 of Rules Governing § 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). When a district court dismisses a petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. However, additional argument is not necessary here. Given the untimeliness of the Defendant's Motion and the Defendant's knowing and voluntary waiver of his right to collaterally attack his sentence, the Defendant cannot make the necessary showing as no reasonable jurist would find it debatable whether this Court was correct in its

ruling on his Motion. Consequently, the Court will decline a certificate of appealability as to the Defendant's Motion.

## CONCLUSION

For these reasons, the Court denies the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in a Federal Custody [ECF No. 33] and denies a certificate of appealability on the same.

SO ORDERED on December 12, 2011.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT